Judge McMahon

07 CV 4617

Christopher M. Schierloh (CS6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RETAIL TRAVEL SERVICES, INC.,

        Plaintiff,                          2007 Civ.

    - against –

                                            **COMPLAINT**

BANK OF AMERICA N.A.,

        Defendant.
------------------------------------------------------X

    Plaintiff, RETAIL TRAVEL SERVICES, INC., through its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

## PARTIES

    1.    Plaintiff, RETAIL TRAVEL SERVICES, INC., (hereinafter "RTS") at all times relevant was and is a corporation with a place of business located at 1166 Kane Concourse, Suite 301, Bay Harbor Islands, Florida 33154.

    2.    Defendant, BANK OF AMERICA N.A., was and is a corporation with an office and place of business located at 100 North Tyron Street, Bank of America Corporate Center, Charlotte, North Carolina 28255.

    3.    Plaintiff sues on its own behalf and, as agent and trustee, on behalf of any other persons or parties who may now have or hereinafter acquire an interest in this action.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to the Court's diversity jurisdiction, 28 USC § 1332(a)(1) in that plaintiff is a corporation incorporated under the laws of the State of Florida and defendant is a corporation incorporated under the laws of the State of Delaware.  The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

5.      Venue is properly placed in this District in that the defendant conducts substantial business in this District, and is subject to personal jurisdiction in this District.

## FACTS

6.      This claim is for a series of thefts of monies belonging to plaintiff, RTS, that were delivered to defendant, Bank of America, for deposit between April 26, 2006 and October 26, 2006, as more fully described below.

7.      At all times relevant, plaintiff, RTS, maintained an account with defendant, Bank of America.

8.      Plaintiff was, and still is, engaged in the business of marketing and selling duty-free merchandise, such as jewelry, liquor, perfume and cosmetics, to passengers on commercial aircraft during international travel.

9.      At all times relevant, monies received by plaintiff from on-board sales of merchandise were processed at plaintiff's cash processing office in Elizabeth, New Jersey.  There, in addition to other verification and security measures, money was counted twice and the amounts independently confirmed by a manager before being placed into deposit bags, along with Bank of America deposit slips.

10. The deposit bags were then placed in tamper proof Brinks bags, sealed within a second tamper-proof Brinks bag, and the amount of the deposit was written on the outer bag.

11. Thereafter, the sealed bags were picked up by Brinks and transported to Bank of America where a bank representative signed for the bags, acknowledging that the bags had not been tampered with.

12. In October 2006, plaintiff discovered that a series of deposits delivered to defendant, Bank of America, had not been fully credited to its account.

13. Plaintiff conducted an investigation into the matter, which included an examination of logs, airway bills and meetings and/or interviews with representatives from Brinks and personnel from the defendant bank; it was determined that approximately $208,000 of plaintiff's deposits had been stolen or otherwise misappropriated by a Bank of America employee(s) during the referenced period of time.

14. The loss of and damage to plaintiff was not the result of any act or omission of plaintiff but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract and breach of bailment on the part of defendant, Bank of America.

15. By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $208,000, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing they to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against the Defendants for the amount of Plaintiff's damages, together with pre-judgment interest computed at 9% per annum, the costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        May 24, 2007
        291-03

                                            CASEY & BARNETT, LLC
                                            Attorneys for Plaintiff

                                        By: _____
                                            Christopher M. Schierloh (CS-6644)
                                            317 Madison Avenue, 21st Floor
                                            New York, New York 10017
                                            (212) 286-0225