Christopher M. Schierloh (CS6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RETAIL TRAVEL SERVICES, INC.,

                Plaintiff,                      2007 Civ. 4617

              -against-

BANK OF AMERICA N.A.; BRINKS          **PLAINTIFF'S FIRST**
GLOBAL SERVICES USA, INC and            **AMENDED COMPLAINT**
BRINKS, INC.,

                Defendants.
-----------------------------------------------------------X

      Plaintiff, RETAIL TRAVEL SERVICES, INC., through its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

## PARTIES

      1.    Plaintiff, RETAIL TRAVEL SERVICES, INC., (hereinafter "RTS") at all times relevant was and is a corporation having its principal place of business located at 1166 Kane Concourse, Suite 301, Bay Harbor Islands, Florida 33154.

      2.    Defendant, BANK OF AMERICA N.A. (hereinafter "Bank of America"), was and is a corporation having its principal place of business located at 100 North Tyron Street, Bank of America Corporate Center, Charlotte, North Carolina 2825, and conducts substantial business within this district.

3. Defendant, BRINKS GLOBAL SERVICES USA, INC., a division of Brinks, Inc., was and is a corporation duly organized and existing under the laws of the state of Delaware, having an office and principal place of business located at Arnold House 36/41 Holywell Lane, London EC2A, 3LB, and conducts substantial business within this district.

4. Defendant, BRINKS, INC., was and is a corporation duly organized and existing under the laws of the State of Delaware, having an office and principal place of business at 555 Dividend Drive, Coppell, Texas 75019, and conducts substantial business within this district.

5. Defendants BRINKS GLOBAL SERVICES USA, INC. and BRINKS, INC. were and are interrelated companies in that BRINKS GLOBAL USA, INC. is a division of BRINKS, INC. and as such, said defendants shall collectively be referred to as the defendant "BRINKS."

4. Plaintiff sues on its own behalf and, as agent and trustee, on behalf of any other persons or parties who may now have or hereinafter acquire an interest in this action.

## JURISDICTION AND VENUE

5. This action is brought pursuant to the Court's diversity jurisdiction, 28 USC § 1332(a)(1). The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

6. Venue is properly placed in this District in that the defendants conduct substantial business in this District.

## FACTS

7. This claim involves the theft or otherwise misappropriation of monies belonging to plaintiff between April 26, 2006 ands October 27, 2006.

8. At all relevant times, plaintiff was, and still is, engaged in the business of marketing and selling duty-free merchandise, such as jewelry, liquor, perfume and cosmetics, to passengers on commercial aircraft during international travel.

9. At all relevant times, money received by plaintiff from on-board sales of merchandise was transported to plaintiff's cash processing facility in Elizabeth, New Jersey where it was counted and prepared for deposit. In addition to other verification and security measures, the money was counted twice and the amounts independently confirmed by a manager before being placed into a deposit bag, along with a deposit slip.

10. At all relevant times, plaintiff maintained an account with defendant, Bank of America.

11. At all relevant times, plaintiff utilized the services of defendant, Brinks, to safely and securely transport cash deposits from its cash processing facility in Elizabeth, New Jersey to the Bank of America branch located at 600 Elizabeth Avenue, Elizabeth, New Jersey.

12 Approximately twice a week during the period of time spanning from April 26, 2006 through October 27, 2006, personnel from defendant, Brinks, routinely picked up a Brinks bag containing cash deposits from plaintiff's facility.

13. Prior to being picked up by Brinks, the cash deposits were placed in a large Brinks bag and sealed at plaintiff's facility. A Brinks Airbill, indicating the total value of the deposits, was affixed to each sealed bag and signed by Brinks personnel upon release of the bag into Brinks' care and custody.

14. Upon information and belief, Brinks would take the bag(s) it received from plaintiff on any given day and store in its vault overnight, then deliver it to Bank of America the following day.

15. Upon delivery to Bank of America, a bank employee would sign a Transfer Delivery Sheet confirming receipt of each bag.

16. Both the Transfer Delivery Sheet, signed by Bank of America personnel, and the Brink's Airbill, signed by Brink's personnel, indicated the total amount of the deposits within each Brink's bag.

17. During the subject period of time, plaintiff was never informed of any discrepancies between the amount of money actually contained in any Brinks bags and the amount of money listed on either the Brinks Airbill or the Transfer Delivery Sheet.

18. In October 2006, plaintiff discovered that a series of deposits transported by defendant, Brinks, to defendant, Bank of America, had not been fully credited to its bank account.

19. Plaintiff conducted an investigation into the matter, which included an examination of logs, airway bills and meetings and/or interviews with representatives from Brinks and Bank of America; it was determined that approximately $208,000 of plaintiff's deposits had been stolen or otherwise misappropriated by Brinks and/or Bank of America employee(s) during the referenced period of time.

20. The loss of and damage to plaintiff was not the result of any act or omission of plaintiff but, on the contrary, was due solely as the result of the negligence, fault, neglect,

breach of contract and breach of bailment on the part of defendants, Bank of America and/or Brinks.

21. By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $208,000, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against the Defendants jointly and severally for the amount of Plaintiff's damages, together with pre-judgment interest computed at 9% per annum, the costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 24, 2007
291-03

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: /s/ Christopher M. Schierloh
Christopher M. Schierloh (CS-6644)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225