CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
RETAIL TRAVEL SERVICES, INC.,

                Plaintiff,

-against-

BANK OF AMERICA, N.A., BRINKS GLOBAL
SERVICES USA, INC. AND BRINKS, INC.,

                Defendants.
-----------------------------------------------------------------x

07 CV 4617 (CM)

ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT WITH
AFFIRMATIVE DEFENSES
AND CROSSCLAIMS

Defendant, Bank of America, N.A. hereinafter "BOA", by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, in response to the plaintiff's first amended complaint (hereinafter "complaint") and as and for its crossclaims against co-defendants alleges and answers as follows:

PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.    Admits the allegations contained in paragraph 2 of the complaint, except states that BOA's corporate office is at 101 S. Tryon Street, Charlotte, North Carolina.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in plaintiff's second numbered paragraph 4 of the complaint.

## JURISDICTION AND VENUE

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in plaintiff's second numbered paragraph 5 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

## FACTS

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and further denies said allegations as they may relate to or are asserted against BOA.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

12. Admits the allegations contained in paragraph 10 of the complaint.

1666896.1

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, except admits solely that BOA received certain deposits for plaintiff's account from Brinks from time to time.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, except admits solely that BOA received certain deposits from plaintiff's account from Brinks from time to time.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

17. Denies the allegations contained in paragraph 15 of the complaint to the extent said allegations allege that BOA confirmed to Brinks the actual cash contents of any deposit(s), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

18. Denies the allegations contained in paragraph 16 of the complaint.

19. Denies the allegations contained in paragraph 17 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, except further denies that BOA failed to credit plaintiff's account for the amount of the deposits that were actually, as opposed to allegedly, contained in the Brinks' deliveries of plaintiff's deposits and further states that plaintiff first notified BOA of its alleged claim on or about October 31, 2006.

21. Denies the allegations contained in paragraph 19 of the complaint.

22. Denies the allegations contained in paragraph 20 of the complaint.

23. Denies the allegations contained in paragraph 21 of the complaint.

1666896.1

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     Upon information and belief, plaintiff fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.     Upon information and belief, plaintiff's deposits as <u>actually</u> contained in any of the subject bags were properly and fully credited by BOA upon review and final verification of the actual true amount of each such deposit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by the governing account rules and regulations of its contract of deposit with BOA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.     Upon information and belief, plaintiff has sustained no damages to the extent that the alleged missing deposits were not in fact contained in the alleged shipments delivered by Brinks to BOA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     Upon information and belief, plaintiff made an error in calculating the alleged amount of its deposits and there was no alleged shortfall.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.     Upon information and belief, there is no proximate cause between any alleged damages sustained by plaintiff and any action or conduct of BOA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30.     Upon information and belief, plaintiff's action is barred by its failure to properly review, inspect, reconcile and/or audit its monthly BOA account transactions as set forth in the monthly statements sent to plaintiff by BOA in respect of plaintiff's accounts.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.     Upon information and belief, this action is barred in whole or in part by plaintiff's negligence, fault or neglect.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32.     Upon information and belief, the amounts of plaintiff's actual deposits as contained in the bags delivered to BOA by Brinks were less than those believed by plaintiff, and plaintiff made an error in its calculations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33.     Upon information and belief, plaintiff's action is barred by the principle of estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34.     Upon information and belief, plaintiff's action is barred by the principle of laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35.     Upon information and belief, plaintiff's action may be barred by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36.     Upon information and belief, any actual loss sustained by plaintiff, if any, was not the result of any action on the part of BOA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

37.     Upon information and belief, plaintiff's deposits were tampered with and/or stolen by parties involved with and/or employed by plaintiff and/or Brinks and/or third-parties unknown prior to delivery of the alleged deposits to BOA.

1666896.1

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

38. Upon information and belief, plaintiff's action is barred by its negligence, fault and failure to maintain proper (i) security procedures and (ii) accounting and auditing procedures to intake, process and reconcile plaintiff's purported deposits as well as plaintiff's account statements or other information provided to plaintiff by BOA.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

39. Upon information and belief, plaintiff has failed to mitigate any alleged damages.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

40. Upon information and belief, plaintiff failed to pickup and reconcile its deposit receipts from BOA once each deposit was processed.

### AS AND FOR A FIRST CROSSCLAIM AGAINST CO-DEFENDANT BRINKS GLOBAL SERVICES, USA, INC./BRINKS, INC. (HEREINAFTER JOINTLY AND SEVERALLY "BRINKS")

41. To the extent it is determined that BRINKS was negligent in its preparation, tender and delivery of the subject deposits, then BRINKS is liable, jointly and severally, to BOA in a like amount as any judgment entered herein in favor of plaintiff herein against BOA.

### AS AND FOR A SECOND CROSSCLAIM AGAINST CO-DEFENDANT BRINKS GLOBAL SERVICES, USA, INC./BRINKS, INC. (HEREINAFTER JOINTLY AND SEVERALLY "BRINKS")

42. To the extent it is determined that any employee, officer, servant or agent or any other third-party actually intercepted, stole or converted plaintiff's deposits while in the custody of BRINKS, then BRINKS is liable, jointly and severally, to BOA in a like amount as any judgment entered herein in favor of plaintiff herein against BOA.

1666896.1

### AS AND FOR A THIRD CROSSCLAIM AGAINST
### CO-DEFENDANT BRINKS GLOBAL SERVICES, USA, INC./BRINKS, INC.
### (HEREINAFTER JOINTLY AND SEVERALLY "BRINKS")

43. To the extent it is determined that any employee, officer, servant or agent or any other party at, or under the control of BRINKS, incorrectly processed plaintiff's deposits as to alleged amount, then BRINKS is liable, jointly and severally, to BOA in a like amount as any judgment entered herein in favor of plaintiff herein against BOA.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST
### CO-DEFENDANT BRINKS GLOBAL SERVICES, USA, INC./BRINKS, INC.
### (HEREINAFTER JOINTLY AND SEVERALLY "BRINKS")

44. To the extent it is determined that BRINKS was the cause of any alleged loss of plaintiff's deposits, then BRINKS is liable, jointly and severally, to BOA in a like amount as any judgment entered herein in favor of plaintiff herein against BOA.

### AS AND FOR A FIFTH CROSSCLAIM AGAINST
### CO-DEFENDANT BRINKS GLOBAL SERVICES, USA, INC./BRINKS, INC.
### (HEREINAFTER JOINTLY AND SEVERALLY "BRINKS")

45. To the extent it is determined that BRINKS was the cause of any alleged loss of plaintiff's deposits, then BRINKS is liable, jointly and severally, to BOA for contribution in a like amount as any judgment entered herein in favor of plaintiff herein against BOA

**WHEREFORE,** BOA respectfully requests an Order of the Court dismissing the plaintiff's complaint or, alternatively, in the event plaintiff prevails in this action as against BOA, then an Order of the Court granting BOA judgment over against defendant BRINKS pursuant to BOA's FIRST through FIFTH CROSSCLAIMS in a like amount as any judgment entered in favor of plaintiff against BOA, together with such other and further relief as to this Court may seem just and proper.

1666896.1

Dated: White Plains, New York
August 15, 2007

Yours etc,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By _____
Constantine A. Despotakis, Esq. (CD 4944)
Attorneys for Defendant
BANK OF AMERICA, N.A.
3 Gannett Drive
White Plains, New York 10604
Tel. (914) 323-7000
Our File No. 02503.00311

To: Christopher Schierloh, Esq.
CASEY & BARNETT, LLC
Attorneys for Plaintiff,
317 Madison Avenue, 21st Floor
New York, NY 10017

Brinks Global Services USA, Inc.
Defendant *Pro Se*
Arnold House
36/41 Holywell Lane
London EC2A, 3LB
United Kingdom

Brinks, Inc.
Defendant *Pro Se*
555 Dividend Drive
Coppell, Texas 75019

1666896.1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York. On August 15, 2007, I served the within **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS** by depositing a true copy thereof enclosed in a postpaid wrapper, via First Class Mail and/or International Air Mail as the case may be, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Christopher Schierloh, Esq.
CASEY & BARNETT, LLC
Attorneys for Plaintiff,
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225

Brinks Global Services USA, Inc.
Defendant *Pro Se*
Arnold House
36/41 Holywell Lane
London EC2A, 3LB
United Kingdom

Brinks, Inc.
Defendant *Pro Se*
555 Dividend Drive
Coppell, Texas 75019

_____
Geri Manno

Sworn to before me this
15th day of August, 2007

_____
Notary Public

CONSTANCE A. DESPOTAKIS
Notary Public, State of New York
No. 01-4615111
Qualified in Westchester County
Commission Expires __12/31/09__

1666896.1